## C. G. LOWE v. STATE.

No. A-8922.   Nov. 22, 1935.
(52 Pac. [2d] 115.)

C. E. Robertson and Cousin P. Kimble, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Smith C. Matson, Asst. Atty. Gen., Phil K. Oldham, Charles A. Chandler, A. Camp Bonds, and J. F. Beavers, for the State.

EDWARDS, J.  Plaintiff in error, hereinafter called defendant, was convicted in the district court of Muskogee county of preparing false evidence and was sentenced to serve a term of eighteen months in the state penitentiary.

Two assignments of error are argued, the first complains of the court's ruling denying defendant time to plead upon the filing of the amended information at the time of trial.  The second relates to the court's ruling denying defendant the right to testify in his own behalf because of a former conviction on a charge of perjury. We might dispose of this case on the first assignment, or we might say, as some of the courts have said, that the record of conviction of the disqualifying crime must be produced.  We deem it unnecessary to discuss the first assignment, for we prefer to dispose of it on the fundamental question of whether or not the Legislature in any event

can deny a defendant accused of crime the right to testify in his own behalf, because of a prior conviction on a charge of perjury. The record discloses that defendant took the stand in his own behalf and when he had stated his name and that he was defendant in the case, the county attorney asked permission to propound a qualifying question; permission being granted he asked defendant if he had been convicted of a felony and upon an affirmative answer he asked if the conviction was for perjury, which was answered in the affirmative; the county attorney thereupon objected to the competency of the witness on this ground and after some colloquy between court and counsel the objection was sustained and defendant thereupon was excluded as a witness. The state seeks to justify this ruling under section 2420, Okla. St. 1931, which is:

"No person who has been convicted of perjury, or of subornation of perjury, shall thereafter be received as a witness in any action, proceeding or matter whatever upon his own behalf; nor in any action or proceeding between adverse parties against any person who shall object thereto, until the judgment against him has been reversed. But where such person has been actually received as a witness contrary to the provisions of this section, his incompetency shall not prejudice the rights, innocently acquired, of any other person claiming under the proceeding in which such person was so received."

If this statute is constitutional, and applies to defendant offering himself as a witness in his own behalf, the ruling of the court is correct. It might be well to cite here also sections 268, 3068, Okla. St. 1931, which are:

Sec. 268: "No person shall be disqualified as a witness in any civil action or proceeding, by reason of his interest in the event of the same, as a party or otherwise, or by reason of his conviction of a crime; but such interest

or conviction may be shown for the purpose of affecting his credibility."

Sec. 3068: "In the trial of all indictments, informations, complaints and other proceedings against persons charged with the commission of a crime, offense or misdemeanor before any court or committing magistrate in this State, the person charged shall at his own request, but not otherwise, be a competent witness, and his failure to make such request shall not create any presumption against him nor be mentioned on the trial; if commented upon by counsel, it shall be ground for a new trial."

These three sections are from the Dakota code. Considered and construed together, sections 268 and 2420 state a general rule and section 3068 states an exception to the general rule. These statutes must be construed in connection with our Constitution, section 20, art. 2, which provides:

"In all criminal prosecutions the accused shall have the right to a speedy and public trial by an impartial jury of the county in which the crime shall have been committed: Provided, that the venue may be changed to some other county of the state, on the application of the accused, in such manner as may be prescribed by law. He shall be informed of the nature and cause of the accusation against him and have a copy thereof, and be confronted with the witnesses against him, and have compulsory process for obtaining witnesses in his behalf. He shall have the right to be heard by himself and counsel; and in capital cases, at least two days before the case is called for trial, he shall be furnished with a list of witnesses that will be called in chief, to prove the allegations of the indictment or information, together with their postoffice addresses."

No case in which a defendant was denied the right to testify in his own behalf under statutes and a Constitution similar to ours has been called to our attention, nor have we been able to find any so holding. There are many

cases discussing the disqualification under the common law and under statutes of the substance of the common law. 70 C. J. p. 105, § 132f; 28 R. C. L. p. 456, § 43f; 1 Wigmore on Ev. p. 647, § 519f; 1 Greenleaf (16th Ed.) p. 513, § 372f. That the statute is valid if one convicted of perjury be called as a witness in any criminal case in which he is not a party or in a civil suit for the purpose of this case may be assumed. There appears to be abundant authority to sustain it. Annotation Brown v. U. S., L. R. A. 1917A, 1138. In Weber v. State, 18 Okla. Cr. 421, 195 Pac. 510, an accused convicted of grand larceny and denied the right to testify on the ground of a prior conviction for perjury was reversed on confession of error by the Attorney General, but in that case the opinion assigns as a reason for reversal the conviction for perjury was in another state. The constitutionality of our statute appears not to have been questioned. This statute also had the attention of the court in Price v. State, 9 Okla. Cr. 359, 131 Pac. 1102, but since the conviction there was for a felony other than perjury the case is not in point. Also in Hawkins v. U. S., 3 Okla. Cr. 651, 108 Pac. 561, this court held the law in force in the Indian Territory prior to statehood controlled and that the statute here involved had no application.

The text-writers and courts in substance refer to this limitation as a hangover from the harshness and class distinctions of early English jurisprudence and frequently the decisions have criticized the disqualification and have sought to soften and to limit its application. Thus in Vance v. State, 70 Ark. 272, 68 S. W. 37, 42, it was said:

"We take this occasion, also, to call attention to the backward state of the law in this state in reference to the competency of witnesses convicted of felony. The statutes which render such witnesses incompetent belong to a class

of antiquated laws which suppress evidence, and which the wisdom of modern ages has discredited and shown to be unreasonable and injurious. They are of the same class as the laws which formerly forbade the parties to the suit from testifying, and closed the mouth of the defendant on trial for his life, and should be repealed, as these laws have been repealed, for such matters should go only to the credit or impeachment of the witness, not to the exclusion of his testimony. There is no valid reason why a person who knows anything material to the decision of a case on trial should not be permitted to tell it, whatever may be his character, the jury being allowed to weigh his testimony in connection with his character and antecedents. These statutes not only suppress evidence, but the application of them often presents difficult and doubtful questions, which, being decided in the hurry of trial, frequently results on appeal in reversals, and in this way justice is often thwarted. There are very few states that now retain such laws, and we think our legislators might well consider whether they should not be repealed in this state also."

See, also, Morgan v. State (Rayland v. State), 86 Tenn. 472, 7 S. W. 456.

Our statutes, section 2420, 1931, supra, construed to apply to a defendant called as a witness in his own behalf is in contravention of section 20, art. 2, Constitution, supra, which confers on an accused the right to be heard in his own behalf by himself and by counsel. The term "right to be heard by himself" is to be construed in its broadest sense in favor of an accused. It is not limited to the mere making of an unsworn statement or by addressing the court or jury, but includes the right to take the stand as a witness, to be sworn and to testify. In such case, of course, a prior conviction for perjury or any other crime may be shown as affecting his credibility but it cannot be used to deny him the right to testify. Ex parte

Morse, 141 Okla. 75, 284 Pac. 18. It follows the ruling of the court denying defendant the right to testify in his own behalf was in violation of his constitutional rights.

The case is reversed.

DAVENPORT, P. J., and DOYLE, J., concur.