90 So.2d 91

Buddy WOODS, alias Wood,

v.

STATE.

4 Div. 327.

Court of Appeals of Alabama.

Oct. 16, 1956.

L. A. Farmer, Dothan, and E. C. Boswell, Geneva, for appellant.

John Patterson, Atty. Gen., and Geo. Young, Asst. Atty. Gen., for the State.

PRICE, Judge.

Appellant was charged with larceny of a calf. His trial resulted in a conviction and his punishment was fixed at three years imprisonment in the penitentiary.

On the trial the defendant took the stand in his own behalf. On cross examination he was asked by the Solicitor if he had previously, in that court, been convicted of perjury. The defendant answered that before this case arose he had plead guilty to perjury. The court, upon the motion of the Solicitor, excluded defendant's testimony from the consideration of the jury. The appellant urges for reversal this ruling of the court. The State seeks to justify the ruling under Section 434 of Title 7, Code 1940, which reads:

"No objection must be allowed to the competency of a witness because of his conviction for any crime, except perjury or subornation of perjury; but if he has been convicted of a crime involving moral turpitude, the objection goes to his credibility."

Section 6, Article 1, of the Alabama Constitution of 1901 provides in pertinent part: "That in all criminal prosecutions, the accused has a right to be heard by himself and counsel, or either; * * * to testify in all cases, in his own behalf, if he elects so to do".

We have not been cited to nor have we found a case in this jurisdiction in which a defendant in a criminal case was denied the right to testify in his own behalf.

In Lowe v. State, 58 Okl.Cr. 233, 52 P.2d 115, 116, the statute provided: " 'No person who has been convicted of perjury, or of subornation of perjury, shall thereafter be received as a witness in any action, proceeding or matter whatever upon his own behalf; * * *.' " The constitutional provision was that in all criminal prosecutions the accused " 'shall have the right to be heard by himself and counsel' ". The court held that the statute, when construed to

apply to a defendant called as a witness in his own behalf, was in contravention of the constitutional provision, supra. The court said: "The term 'right to be heard by himself' is to be construed in its broadest sense in favor of an accused. It is not limited to the mere making of an unsworn statement or by addressing the court or jury, but includes the right to take the stand as a witness, to be sworn and to testify. In such case, of course, a prior conviction for perjury or any other crime may be shown as affecting his credibility but it cannot be used to deny him the right to testify."

To like effect was the court's holding in Bowman v. Commonwealth, 276 Ky. 745, 125 S.W.2d 213.

We conclude that the application of Section 434, Tit. 7, Code 1940, to the defendant in a criminal prosecution contravenes Section 6, Article 1 of our Constitution, and the court's action in excluding his testimony from the consideration of the jury was in violation of his constitutional rights.

Reversed and remanded.