291 So.2d 336

**In re Robert Joe JOHNSON**

v.

**STATE of Alabama.**

**Ex parte STATE of Alabama ex rel.**

**ATTORNEY GENERAL.**

**SC 591.**

Supreme Court of Alabama.

Jan. 24, 1974.

William J. Baxley, Atty. Gen., and Joseph G. L. Marston, III, Asst. Atty. Gen., for the State, petitioner.

No brief for the respondent.

HARWOOD, Justice.

In this case, the Court of Criminal Appeals has reversed the judgment of guilty entered in the defendant's trial on a charge of robbery. The sole basis of the reversal was the refusal of Charge 1 requested in writing by the defendant. Charge 1 reads:

"I charge you ladies and gentlemen of the jury that the prior record of the defendant is not evidence of the guilt or innocence of the defendant in this case."

During the cross-examination of the defendant in the trial below, it was shown that he had previously been convicted of forgery, larceny, and automobile burglary.

In Eagle and Phoenix Manufacturing Co. v. Gibson, 62 Ala. 369, the necessity of precision in framing charges was set forth as follows:

"* * * A party requesting charges to the jury must frame them so that they will not mislead, *and must be careful that the proposition, or principle of law, is precisely expressed.*" (Emphasis ours.)

Measured by this standard, Charge 1 was, in our opinion, refused without error. The charge merely refers to the defendant's "prior record." One may well ask "prior record" for what?

■ It is well settled that where a defendant testifies his prior conviction of a crime involving moral turpitude may be shown, but such evidence goes only to his credibility, and not to his competency. Peyton v. State, 40 Ala.App. 556, 120 So.2d 415; Sec. 434, Title 7, Code of Alabama 1940. See also Woods v. State, 38 Ala. App. 581, 90 So.2d 91, holding that even though a defendant has previously been convicted of perjury, his testimony cannot

# 210

be excluded because of the provisions of Sec. 6, Article 1, Alabama Constitution 1901, providing that in all criminal prosecutions an accused has a right to be heard and to testify in his own behalf, and this despite that portion of Sec. 434, Title 7, Code of Alabama 1940, to the effect that conviction of perjury or subornation of perjury renders a witness *incompetent.*

 Examination of Charge 1 shows that it lacks precision by its very terms. It is therefore misleading and elliptical. We hold that Charge 1 was refused without error.

Further, the record shows that the court instructed the jury as follows:

> "Now, if there was some testimony about convictions, I might tell you in what way that is to be considered. A conviction does not prevent a person from testifying in the case, but a conviction for an offense involving moral turpitude might affect his credibility. It might affect the weight you want to give to the testimony of that witness. And, offenses such as larceny, theft, forgery, burglary; those cases are cases involving moral turpitude."

The above is a correct statement of the legal principle pertaining to the effect of evidence showing a defendant's prior conviction of a crime involving moral turpitude. It correctly states the principle apparently sought to be enunciated in refused Charge 1. This furnishes an additional reason for concluding that Charge 1 was refused without error.

The judgment of the Court of Criminal Appeals is therefore due to be reversed.

Reversed and remanded.

MERRILL, BLOODWORTH, MADDOX and McCALL, JJ., concur.

HEFLIN, C. J., and COLEMAN, FAULKNER and JONES, JJ., dissent.