BOWEN, Presiding Judge.
John Charles Neary was indicted and convicted under a three-count indictment charging trafficking in cannabis and cocaine and the possession of various controlled substances. Alabama Code 1975, §§ 20-2-80(1), (2) and § 20-2-70(a). The sentences for the trafficking convictions were 25 years’ imprisonment and a $25,-000.00 fine and 25 years’ imprisonment and a $50,000.00 fine. The sentence for the possession conviction was 15 years’ imprisonment and a $20,000.00 fine.
I
These convictions must be reversed because the trial judge erroneously charged the jury that Neary had a prior conviction for a crime involving moral turpitude.
At trial, on cross examination by the prosecution, Neary testified, without objection, that in 1976 in New York he pled guilty to a misdemeanor for possession of marijuana and was sentenced to three years’ probation and received a $3,000.00 fine.
In instructing the jury, the trial judge stated:
“Now, concerning the testimony of the witness, you have heard evidence of the testimony that the defendant has previously been convicted of, and I don’t remember the exact charge as it was listed out of the State of New York, but it was possession of marijuana, as I recall it, in the State of Alabama we would call it violation of uniform Alabama controlled substances act, however, since it is out of a different jurisdiction I believe it would be possession of marijuana out of New York. Now, this is known as a crime involving moral turpitude. Now, as a matter of law, it is the law that if a witness has heretofore been convicted of a crime involving moral turpitude it goes to his credibility as a witness. In other words, you may take this into account in determining how much weight and how much credibility you will give to his testimony as a witness and that is the sole purpose for which this evidence is admitted. Now, you might in some way think that since he was guilty of an offense in New York that that makes him guilty of this. That is not the reason for which that testimony is admitted. That testimony was admitted because it has been determined that that offense is what is known as a crime involving moral turpitude and as I said, that is the sole purpose for which that testimony was admitted as to how that would weigh as to his credibility as a witness.”
Proper and timely objection was made to this portion of the oral charge.
A conviction for an offense involving moral turpitude can affect a defendant’s credibility and the weight the jury is to give his testimony. Johnson v. State, 292 Ala. 208, 210, 291 So.2d 336 *1323 (1974); Alabama Code 1975, § 12-21-162. “[A] defendant himself may be examined only as to his prior convictions of crimes involving moral turpitude.” Peyton v. State, 40 Ala.App. 556, 565, 120 So.2d 415 (1959), cert. denied, 270 Ala. 740, 120 So.2d 429, cert. denied, 364 U.S. 870, 81 S.Ct. 114, 5 L.Ed.2d 93 (1960). “In cross-examining a witness for the purpose of impeaching him by showing the commission of a crime involving moral turpitude, care should be exercised so as not to include an offense that does not involve moral turpitude.” Kennedy v. State, 371 So.2d 464, 468 (Ala.Cr.App.1979).
The misdemeanor and felony offenses of possession of marijuana are not crimes involving moral turpitude. Ex parte McIntosh, 443 So.2d 1283 (Ala.1983); Luker v. State, 361 So.2d 1124 (Ala.Cr. App.), cert. dismissed, 361 So.2d 1127 (Ala.1978). Consequently, the defendant should not have been cross examined about his prior convictions for possession of marijuana and the jury should not have been instructed that such convictions involved moral turpitude and affected the defendant’s credibility. The giving of the erroneous instructions constitutes reversible error. United States v. Poole, 434 F.2d 1021, 1022 (5th Cir.1970); United States v. Smith, 420 F.2d 428 (5th Cir.1970); Moore v. State, 333 So.2d 165, 166-67 (Ala.Cr.App.1976).
II
Neary contends that the search warrant was invalid because it did not particularly describe which apartment of the house to search. The search warrant described the two-story residence to be searched as “1419-lOth Street South, Birmingham, Jefferson County, Alabama.” In executing the warrant the police discovered that the first and second floors were two separate apartments. They only searched the first floor.
In State v. Teague, 469 So.2d 1306 (Ala.Cr.App.1985), this Court noted the general rule that “a search warrant directed against a multiple-occupancy structure will usually be held invalid if it fails to describe the particular subunit to be searched with sufficient definiteness to preclude a search thereunder of other units located in the larger structure and occupied by innocent persons.” Annot., 11 A.L.R.3d 1330, 1333 (1967). There, this Court applied the exception involved where the mul-ti-unit character of the premises was not apparent and was not known to the officers applying for and executing the warrant. The principles we stated in that case govern the issue of the validity of the search warrant and search in this case.
In reversing and remanding this cause, we make no determination on the validity of the search warrant. The matter of the vagueness of the warrant was raised only after an evidentiary hearing had been held and the trial judge had denied the defendant’s motion to suppress. On appeal, the State argues that this issue was not even raised in the trial court. This confusion is obviously due to the manner in which the issue was presented to the circuit court and the fact that different judges presided at the suppression hearing and at trial. It is to the benefit of both the prosecution and the defense that we leave this issue open for the presentation of further evidence and argument guided by the principles we have set out in Teague, supra.
The judgment of the circuit court is reversed and the cause remanded.
REVERSED AND REMANDED.
All Judges concur.