893 So.2d 482 (2001)
Ex parte State of Alabama.
(In re William A. SNYDER, a/k/a Corky Snyder
v.
STATE.)
1001539.
Supreme Court of Alabama.
December 14, 2001.
Rehearing Denied February 8, 2002.
*483 William H. Pryor, Jr., atty. gen., and George A. Martin, Jr., asst. atty. gen., for petitioner.
Sonya M. Rudenstine, Equal Justice Initiative of Alabama, Montgomery; Jeb Fannin, Talladega; and Mark Nelson, Talladega, for respondent.
STUART, Justice.
William A. Snyder was convicted of three counts of murder made capital because the three murders were committed during the course of a burglary, see § 13A-5-40(a)(4), Ala.Code 1975, and one count of murder made capital because two or more victims were killed by one act or pursuant to one scheme of conduct, see § 13A-5-40(a)(10), Ala.Code 1975. The trial court sentenced Snyder to death. The Court of Criminal Appeals, relying on Ex parte Minor, 780 So.2d 796 (Ala.2000), held that the trial court committed plain error when it instructed the jury that the evidence of Snyder's prior conviction could be used only for impeachment purposes but failed to instruct the jury that the evidence could not be considered as substantive evidence that he committed the crimes for which he was charged, and it reversed Snyder's convictions and sentence. Snyder v. State, 893 So.2d 471 (Ala.Crim.App.2001). We reverse the judgment of the Court of Criminal Appeals and remand the case.
The evidence presented at trial indicated that Snyder brutally beat Dixie Gaither and Carey Milton Gaither and then, using a .38 caliber pistol owned by Dixie Gaither, killed Nancy Burkhalter. Evidence identified as belonging to the Gaithers was found in Snyder's house or had been pawned by Snyder. For a full recitation of the facts, see Snyder v. State, 893 So.2d at 472-75.
The state maintains that the trial court's instruction on the use of the evidence of Snyder's prior conviction was proper because, it says, the instruction was a correct statement of the law limiting the jury from considering the evidence of Snyder's prior conviction for any purpose other than to evaluate his credibility. The state urges that, unlike the facts in Ex parte Minor  where the trial court issued only a vague instruction to the jury on the use of evidence of the prior convictions  in this case, the trial court's instruction properly limited the jury's consideration of the evidence of Snyder's prior conviction and that plain error did not occur.
In Ex parte Minor this Court addressed the issue "whether, absent a request or an objection by the defendant, the trial court has a duty to instruct the jury that evidence *484 of prior convictions is not to be considered as substantive evidence of guilt." 780 So.2d at 800. This Court held that a trial court did have such a duty.
The record in Ex parte Minor indicated that before Minor took the stand to testify, his defense counsel stated on the record that he had advised him not to testify, but that Minor had insisted on testifying. Before permitting Minor to testify, the trial court obtained an affirmation from Minor that he had voluntarily waived his right against self-incrimination, that he fully understood that he was testifying against the advice of his counsel, and that he realized that he could be cross-examined regarding his prior convictions. Minor testified on direct examination that he had prior convictions for first-degree assault, second-degree assault, possession of cocaine, and statutory rape. When the state began to cross-examine Minor about his prior felony convictions, defense counsel objected, arguing that the question "had been asked and answered." Minor, however, interrupted defense counsel's objection, stating, "Don't worry about it, [defense counsel]. We can explain it to the jury." (R. 1258.) This statement by Minor created the setting for the cross-examination. When the state asked Minor if he had been convicted of a certain offense, Minor provided unsolicited, detailed testimony about the circumstances surrounding the conviction. Indeed, at one point, Minor's counsel requested a recess, in an attempt to halt Minor's spontaneous explanations, but before the trial court could rule on counsel's request Minor volunteered further details about the offense. Consequently, the evidence of Minor's prior convictions, without question, had "`an irreversible impact upon the minds of the jurors.'" Ex parte Cofer, 440 So.2d 1121, 1123 (Ala.1983), quoting Charles W. Gamble, McElroy's Alabama Evidence § 69.01 (3d ed.1977).
This Court noted in Ex parte Minor that the prejudicial impact of the testimony was further compounded by the prosecutor's emphasizing the prior-conviction evidence to the jury by his comments and his argument that Minor "had an explanation for everything to minimize [his] responsibility."
The trial court in Ex parte Minor gave the jury a general instruction that evidence presented by proof of prior convictions may impeach a witness's testimony but that testimony from a witness that has been successfully impeached is not necessarily to be disregarded. This Court held that that instruction did not adequately inform the jury of the limited use of Minor's testimony, stating:
"The trial court did not tell the jury that the evidence of Minor's prior convictions could not be considered as substantive evidence that he committed the crime charged. Because the jurors were not so instructed, they were free to consider the prior convictions for any purpose; thus, they could consider the probability that Minor committed the crime because he had demonstrated a prior criminal tendency. Allowing the jury to make such use of the evidence was highly prejudicial and constitutes reversible error....
"... Considering the presumptively prejudicial nature of evidence of a defendant's prior convictions, we consider it incumbent on the trial court to ensure that the jury was instructed on the proper use of such evidence. We conclude that the failure of the trial court to instruct the jury that it could not use such evidence as substantive evidence of guilt `has or probably has' substantially prejudiced Minor."
780 So.2d at 803-04 (emphasis added). Thus, this Court, in light of Minor's extremely prejudicial testimony "justifying" *485 his prior convictions and recognizing that such prejudicial testimony  without proper instruction as to its use  would likely result in a jury's concluding that Minor had committed the crime charged, held that plain error had occurred.
In determining in Ex parte Minor that error had occurred, we were persuaded in part by the reasoning and holding of the United States Court of Appeals for the Fifth Circuit in United States v. Diaz, 585 F.2d 116 (5th Cir.1978), that the trial judge's failure to instruct, sua sponte, the jury on the use of the evidence of the defendant's prior convictions constituted plain error. In Diaz, the Fifth Circuit emphasized that "when evidence of prior similar crimes is properly introduced, the jury must be able to distinguish between credibility evidence and affirmative evidence." 585 F.2d at 118. The Fifth Circuit reasoned that when the evidence of a witness's prior convictions is presented, "both counsel and the court have a duty to minimize the risk that the jury would infer guilt on the [present charge] from the fact of previous convictions.... Thus, in this situation where no cautionary instruction is given to the jury, prejudicial error has intervened." 585 F.2d at 118.
This Court, in finding that plain error had occurred in Ex parte Minor, recognized that Minor's testimony was extremely damaging, that the need for an instruction limiting the use of the evidence was obvious, and that the failure to give the instruction was so prejudicial that it affected Minor's substantial rights. While the Court found plain error in the trial court's failure to instruct the jury on the purpose of the evidence of Minor's prior conviction, the Court's holding in that regard did not establish a per se rule. See United States v. Waldrip, 981 F.2d 799 (5th Cir.1993)(clarifying United States v. Diaz, 585 F.2d 116 (5th Cir.1978), and holding that whether a failure to instruct on the limited use of prior-conviction evidence was error was to be determined on a case-by-case basis). Thus, each inquiry regarding the propriety of an instruction on the use of evidence of prior convictions presented for impeachment purposes must be determined on a case-by-case basis.
In the present case, Snyder testified on direct examination that he had pleaded guilty to second-degree theft of property. At the beginning of the state's cross-examination, the following occurred with regard to that prior conviction:
"[Prosecutor]: Of course, you said that  I believe you said you caught a case in '87. Is that your word? You caught a case. Is that what you said?
"[Snyder]: May have, yes, sir.
"[Prosecutor]: That you caught a case in '87 and that case was theft of property?
"[Snyder]: Yes, sir."
(R. 3111.) The prosecutor did not question Snyder further about this conviction. Nor did the prosecutor emphasize Snyder's prior conviction during his closing argument. Thus, unlike the evidence in Ex parte Minor, the evidence of Snyder's prior conviction was presumptively prejudicial, but its impact was not egregious.
The state requested that the trial court give the standard charge on the proper use of Snyder's prior conviction.[1] The trial court instructed the jury as follows:
"Now, there has been some testimony offered to the effect that a witness prior to taking the witness stand during this trial has been convicted of a crime. This testimony is allowed to go to you for one purpose, and that is for your consideration in determining what *486 credibility you will give a witness's testimony from the witness stand in this case. This is for your consideration along with all the other factors in determining whether a witness is worthy of belief in what he says from the witness stand."
(Emphasis added.)
The Court of Criminal Appeals held that plain error had occurred in Snyder's trial because the trial court
"did not specifically tell the jury that it could not consider [Snyder's] prior conviction as substantive evidence that he committed the capital offenses with which he was charged.... [T]he jury could have concluded that [Snyder] committed the charged offenses because he had previously demonstrated a criminal tendency."
893 So.2d at 477.
In Ex parte Minor, the Court was confronted with a situation where the jury was not offered any direction as to the purpose of the prior-conviction evidence. We must now determine if the trial court in this case erred by not specifically instructing the jury that it could not use prior-conviction evidence as "substantive evidence of guilt."
It is well-settled law that, provided the instructions accurately state the law, a trial court has broad discretion in formulating its instructions to the jury. Broadnax v. State, 825 So.2d 134 (Ala.Crim.App.2000). In Gaddy v. State, 698 So.2d 1100, 1132-33 (Ala.Crim.App.1995), aff'd, 698 So.2d 1150 (Ala.1997), Gaddy requested an instruction to the effect that evidence of prior convictions did not constitute evidence that he had committed the charged crime. The requested charge stated: "`I charge you that evidence of other offenses than those charged in the indictment is not to be considered as evidence of the truth of the matters contained in the indictment.'" 698 So.2d at 1132. The trial court refused to issue the instruction but issued the following instruction:
"`I did not tell you when we first talked that the prior robbery conviction that Mr. Gaddy has suffered subsequent to the events in December here in Birmingham is admitted for the sole and limited purpose for you to have at your disposal in assessing his credibility as a witness. The law provides if one has suffered a conviction for an offense involving moral turpitude, such as robbery, then these convictions may be called to the jury's attention. But it is for the limited purpose for you having that information at your disposal in assessing his trustworthiness.'"
698 So.2d at 1133. The Court of Criminal Appeals concluded that that instruction properly informed the jury as to the limited purpose of the evidence of the prior crimes  credibility  and that the giving of that instruction was not plain error. This Court did not overrule Gaddy in its analysis in Ex parte Minor. See also Johnson v. State, 292 Ala. 208, 291 So.2d 336 (1974)(stating that an instruction on the limited use of the evidence satisfies any need to instruct the jury that the evidence may not be used as evidence of the crime charged).
The holding in Gaddy is reasonable, sound, and worthy of application to this case. Here, the trial court properly instructed the jury as to the purpose of the evidence of Snyder's prior conviction. If an instruction clearly informs the jury of the sole purpose of prior-conviction evidence  the witness's credibility  it is reasonable to assume that the jury would not use the evidence for any other purpose. See, e.g., Taylor v. State, 666 So.2d 36 (Ala.Crim.App.1994), aff'd, 666 So.2d 73 (Ala.1995), cert. denied, 516 U.S. 1120, 116 *487 S.Ct. 928, 133 L.Ed.2d 856 (1996)(recognizing that jurors are presumed to follow instructions). Unlike the circumstances in Ex parte Minor, where the jury could have used the testimony for whatever purpose it desired  to determine a witness's credibility or as substantive evidence of the defendant's guilt  the trial court in this case informed the jury that the prior-conviction evidence had "one purpose" and that that purpose was to determine credibility; consequently, it eradicated the necessity of informing the jury that it would be improper to use the evidence as substantive evidence of guilt. The unambiguous instruction adequately cautioned the jury, explicitly stated the sole purpose of the testimony, and eliminated the risk that the evidence would be used improperly. Therefore, the emphasis in the instruction on the one purpose of the evidence overcomes a finding that the alleged error "has or probably has adversely affected the substantial right of [Snyder]." Rule 45A, Ala.R.App.P. To hold that the trial court is required to inform the jury that prior-conviction evidence cannot be used as substantive evidence, would unnecessarily limit the trial court's discretion in forming jury instructions, would restrict defense counsel's trial strategy, cf. United States v. Barnes, 586 F.2d 1052, 1059 (5th Cir.1978), and in certain circumstances may unnecessarily emphasize the prejudicial evidence. Therefore, while the instruction to the jury must state either that prior-conviction evidence can be used only for the purpose of assessing a witness's credibility or state that such evidence may not be used as substantive evidence of the defendant's guilt of the crime charged, it is not reversible error per se if the trial court does not instruct both as to the admissible purpose of the prior-conviction evidence and the purpose for which such evidence may not be considered, unless counsel requests such a two-pronged instruction and the instruction is supported by the evidence.
Under the facts presented here, the trial court's instruction to the jury on the use of the evidence of Snyder's prior conviction was a correct statement of the law; it did not constitute plain error. The judgment of the Court of Criminal Appeals is reversed and this cause is remanded to that court for further review consistent with this opinion.
REVERSED AND REMANDED.
MOORE, C.J., and BROWN and HARWOOD, JJ., concur.
SEE, J., concurs in the result.
HOUSTON, LYONS, JOHNSTONE, and WOODALL, JJ., dissent.
HOUSTON, Justice (dissenting).
I respectfully dissent.
Like Judge Shaw in his special concurrence in this case, Snyder v. State, 893 So.2d 471, 480 (Ala.Crim.App.2001), I too can distinguish this case from Ex parte Minor, 780 So.2d 796 (Ala.2000). The trial court in this case restricted the jury's discretion in its use of the evidence of Snyder's prior conviction to the determination of the credibility of Snyder's testimony. This distinguished the present case from Minor. However, in Minor, the majority of this Court clearly held that a trial court committed plain error if it failed to instruct the jury that it may not consider the evidence of prior convictions as substantive evidence that the defendant committed the charged offense. This should not change on a case-by-case basis. Regardless of the effectiveness of the instruction on using evidence of prior convictions only to determine credibility, I believe that the trial court must instruct the jury that it cannot use evidence of prior convictions as substantive evidence that the defendant committed *488 the charged offense. Ex parte Minor, supra.
JOHNSTONE, Justice (dissenting).
I respectfully dissent. This Court has recognized the grave prejudice evidence of any prior conviction inflicts on a criminal defendant. See, e.g., Cofer v. State, 440 So.2d 1121, 1124 (Ala.1983). Our case of Ex parte Minor, 780 So.2d 796, 802 (Ala.2000), categorically recognizes the duty of the trial court to "instruct[ ] the jury, sua sponte, that it may not consider the evidence of prior convictions as substantive evidence that the defendant committed the charged offense." The Minor court thoroughly and cogently explains the reasons for this bright-line rule. The Minor holding is not dependent on the particular facts of that case. The trial judge's discretion in formulating jury instructions does not and should not infringe the Minor holding, because no trial judge has the discretion to allow prior convictions introduced for impeachment to be considered as substantive evidence of the defendant's guilt.
In the case now before us, the only limit the trial judge imposed on the consideration of the prior convictions was this instruction: "This testimony is allowed to go to you for one purpose, and that is for your consideration in determining what credibility you will give a witness's testimony from the witness stand in this case." While lawyers and judges, learned in the law, might understand this instruction to prohibit consideration of the prior convictions as substantive evidence of the defendant's guilt, the laypersons on the jury could not realistically be expected to achieve this distinction.
The discrimination required of jurors in their consideration of prior convictions is analogous to the discrimination required of them in their consideration of prior inconsistent statements. That is, prior inconsistent statements can be considered only for their value in impeaching the declarant's in-court testimony, not as substantive evidence of the truth of the matters stated. Varner v. State, 497 So.2d 1135, 1137 (Ala.Crim.App.1986). Yet even lawyers and judges ignore, forget, or overlook this requirement for discrimination, as the Court of Criminal Appeals itself inadvertently did when it considered prior inconsistent statements as substantive evidence of the truth of the matters stated in the recent case of Johnson v. State, 823 So.2d 1, 40 (Ala.Crim.App.2001)(Part XII.A. of the opinion). See my dissent in Ex parte Johnson, 823 So.2d 57 (Ala.2001). A fortiori, jurors not learned in the law will fail to discriminate between consideration for impeachment and consideration as substantive evidence unless they are expressly and positively prohibited from considering the impeaching evidence as substantive evidence of guilt.
The holding of Minor is correct, valid, fair, and necessary. The Court of Criminal Appeals has faithfully followed it. We should affirm.
NOTES
[1] Snyder's trial occurred before this Court issued its opinion in Ex parte Minor.